UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DEE ARLISE CHILDROUS,
    Plaintiff,

vs.                                                                         07-1047

MEDICAL TECHNICIAN BIRKEL, et al.
    Defendants.

## ORDER

This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff has filed his lawsuit pursuant to 42 U.S.C. §1983 against three defendants at the Pontiac Correctional Center including Medical Technician Birkel, Lieutenant Cletus Shaw and Dr. Kurian. The plaintiff claims that the defendants were deliberately indifferent to his serious medical condition.

Specifically, the plaintiff alleges that on February 8, 2006, he finished his work assignment and began to feel very sick. The plaintiff says he has asthma was suffering from an asthma attack. Defendant Birkel told the plaintiff to lay down and he would be fine. The plaintiff then spoke to Defendant Shaw and told him about his condition. Shaw responded that he also had asthma and did not believe the plaintiff was having an attack. Shaw said he would report the plaintiff's claims to a medical technician, but the plaintiff says he did not see Shaw again that day.

The plaintiff says about three hours later he asked to be taken to the hospital. A medical technician was called and the plaintiff was transferred to the medical unit. The plaintiff described his physical condition to the nurse on duty. Defendant Dr. Kurian entered the room, but the plaintiff says he spoke only to the nurse and told her to give the plaintiff a breathing treatment. The plaintiff was then returned to his cell without every being examined by a doctor.

The plaintiff says the breathing treatment provided minimal relief and his condition continued to decline throughout the night.

The next day, the plaintiff told his work supervisor that he was still suffering from an asthma attack and asked to go to the hospital. Medical Technician Birkel was called, but did not

show up for 45 minutes. Birkel told the plaintiff to go back to work. The plaintiff asked to speak to a medical supervisor or lieutenant. Birkel then made a phone call and spoke for about 20 minutes. He then asked the plaintiff if he still wanted to go to the hospital. When the plaintiff said he did, Birkel took him to the medical unit.

The plaintiff says this time he did see a doctor and it "was discovered plaintiff was having a severe asthma attack and suffering form a bronchial infection." (Comp., p. 6) The plaintiff was given another breathing treatment and was prescribed different medications for his condition.

The plaintiff says before this asthma attack, his "asthma condition was mild and kept under control." (Comp, p. 7). The plaintiff says he only need to use breathing inhalers every two or three months. The plaintiff says since the attack, he must use inhalers on a daily basis and his condition has deteriorated.

To state a violation of the Eighth Amendment, the plaintiff must first demonstrate that the alleged deprivation was sufficiently serious. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). The plaintiff must also show that the defendants acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "[A] finding of deliberate indifference requires evidence that the official was aware of the risk and consciously disregarded it nonetheless." *Mathis v. Fairman*, 120 F.3d 88, 91 (7th Cir.1997)(citing *Farmer* at 840-42). Inadequate medical treatment due to negligence or even gross negligence does not support an Eighth Amendment violation. *Shockley v Jones*, 823 F.3d 1068, 1072 (7th Cir. 1987). In addition, inmates are not entitled to a specific type of treatment, or even the best care, only reasonable measures to prevent a substantial risk of serious harm. *Forbes v. Edgar,* 112 F.3d, 262, 267 (7th Cir. 1997).

"[P]roof of deliberate indifference may be found where a prison official intentionally denies or delays access to medical care or intentionally interferes with the treatment once prescribed." *Jones v. Simek*, 193 F.3d 485, 490-491 (7th Cir. 1999) *citing Ford,* 2001 WL 456427 at 6. A delay in scheduling an appointment for medical treatment may constitute deliberate indifference. *Id.* However, "an inmate who complains that delay in medical treatment rose to constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Langston v Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996).

Based on the allegations in the plaintiff's complaint, it is clear the plaintiff eventually did receive treatment for asthma. It appears the plaintiff is claiming that the delay in receiving this treatment was a violation of his constitutional rights.

The court also notes that the claims are against the defendants in their individual capacities only. Suits against state officers in their "official capacity" are suits against the state and thus cannot be brought under Section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).

**IT IS THEREFORE ORDERED that**:

**1)  Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims: the defendants were deliberately indifferent to the plaintiff's serious medical condition when they delayed treatment for an asthma attack.  The claim is against the defendants in their individual capacities only.**

**2)  All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.**

**3)  This case shall proceed solely on the federal claim identified in paragraph one above.  Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**6)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**7)  The defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

Entered this   30th   Day of March, 2007.

                                                s\Harold A. Baker

                                                HAROLD A. BAKER
                                      UNITED STATES DISTRICT JUDGE