UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DEE ARLISE CHILDROUS,
    Plaintiff,

vs.                                                           07-1047

MEDICAL TECHNICIAN BIRKEL, et al.
    Defendants.

CASE MANAGEMENT ORDER #2

    This cause is before the court for case management. The court conducted a merit review of the plaintiff's initial complaint on March 30, 2006 and found that the plaintiff had adequately alleged that Defendants Medical Technician Birkel, Officer Cletus Shaw and Medical Director Dr. Kurian had violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical condition. The plaintiff has now filed a motion to reconsider [d/e 11] and an amended complaint. [d/e 13]

    The plaintiff's motion to reconsider the merit review of the initial complaint is moot since the plaintiff has now filed an amended complaint. However, the plaintiff states no reason for filing his amended complaint and it is not immediately apparent that there are any changes made in the plaintiff's allegations in the amended complaint.

    In his motion to reconsider, the plaintiff disagrees with the court's finding that he is alleging the defendants delayed medical treatment. The plaintiff says he was *denied* treatment. The plaintiff says he began complaining that he was suffering from an asthma attack on February 8, 2006. Defendants Birkel and Shaw did not believe the plaintiff was really having an asthma attack, and did not take him to the medical unit. Later in the day, the plaintiff spoke to another officer who did take the plaintiff to the Health Care Unit. However, once he was there, Dr. Kurian did not exam the plaintiff, but simply told the attending nurse to provide breathing treatments. The plaintiff claims this treatment was not sufficient for his condition.

    The plaintiff again complained about breathing problems the next day and again stated that he believed he was having an asthma attack. On this occasion, Defendant Birkel did not immediately take the plaintiff to the Health Care Unit, but eventually did allow him to receive medical care. The plaintiff was suffering from an asthma attack and a bronchial infection. The plaintiff says the delay in treatment has caused his condition to worsen.

    It is still not entirely clear why the plaintiff has filed an amended complaint. [d/e 13]. Nonetheless, the court notes that Rule 15(a) of the Federal Rules of Civil Procedure clearly

provides that a plaintiff "may amend his pleadings once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a)   The court is again required by 28 U.S.C. §1915A to "screen" the plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The amended complaint adds no new defendants or claims, but instead adds greater detail to the plaintiff's allegation. The court notes that the plaintiff lists three counts, one for each defendant.  In each count, the plaintiff states that the defendants were responsible for "delaying" medical care. (Amended Comp., p. 24-25)

As the court previously noted, the plaintiff must demonstrate both that he suffered from a serious medical condition and that the defendants were deliberately indifferent to that condition. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *Farmer v. Brennan*, 511 U.S. 825, 828 (1994) "[P]roof of deliberate indifference may be found where a prison official intentionally denies or delays access to medical care or intentionally interferes with the treatment once prescribed." *Jones v. Simek*, 193 F.3d 485, 490-491 (7th Cir. 1999) *citing Ford,* 2001 WL 456427 at 6.   A delay in scheduling an appointment for medical treatment may constitute deliberate indifference. *Id.* However, "an inmate who complains that delay in medical treatment rose to constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Langston v Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996).

It is unclear based on the allegations in the motion to reconsider and the claims in the amended complaint whether plaintiff is claiming the defendants denied treatment or delayed treatment.  However, it is a point that can be more fully developed as this case progresses.

**IT IS THEREFORE ORDERED that**:

**1) The plaintiff's motion to reconsider is denied as moot. [d/e 11] The plaintiff has now filed an amended complaint.**

**2) Pursuant to its merit review of the amended complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims: the defendants were deliberately indifferent to the plaintiff's serious medical condition when they denied or delayed treatment for an asthma condition and asthma attack. The claim is against the defendants in their individual capacities only.**

**3)  All other claims based on federal law, other than those set forth in paragraph (2)**

above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.

4)  This case shall proceed solely on the federal claim identified in paragraph two above.  Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

5) A Prisoner Scheduling Order has been entered in this case and a hearing pursuant to Rule 16 of the Federal Rules of Civil Procedure has been scheduled for June 26, 2007 at 9:45 a.m.

Entered this   3rd    Day of May, 2007.

                                              s\Harold A. Baker
                                     _____
                                         HAROLD A. BAKER
                                    UNITED STATES DISTRICT JUDGE