E-FILED
Monday, 15 June, 2009  11:02:36 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DEE ARLISE CHILDROUS,
    Plaintiff,

vs.                                              Case No. 07-1047

JOHN BIRKEL, et. al.,
    Defendants.

<u>ORDER</u>

This cause is before the court on the plaintiff's two motions to reconsider the Court's September 22, 2008 Order granting the defendants' motions for summary judgement [d/e 63, 64] and the plaintiff's motions for a hearing on his motions to reconsider. [d/e 68, 69].

A post-judgment motion seeking substantive relief from a judgment must be made pursuant to either Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure. The pro-se plaintiff's motion does not reference either rule.  Rule 59(e) motions to alter or amend the judgment must be filed within ten business days of the entry of judgment.  *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994), cert. denied, 115 S.Ct. 2558 (1995).  The plaintiff provided copies of both motions to prison officials within ten days of judgement.

A Rule 59(e) motion "may only be granted if there has been a mistake of law or fact or new evidence has been discovered that is material and could not have been discovered previously." *Figgie Int'l, Inc. v. Miller*, 966 F.2d 1178, 1180 (7th cir. 1992).

The plaintiff, a state prisoner filed his complaint pursuant to 42 U.S.C. against three defendants at the Pontiac Correctional Center including Medical Technician John Birkel, Officer Cletus Shaw and Medical Director Dr. George Kurian.   After merit review, the court determined that the plaintiff had adequately alleged that the defendants were deliberately indifferent to his serious medical condition when they denied or delayed treatment for an asthma condition and an asthma attack. *See* May 3, 2007 Order.

The court granted the motions for summary judgement when the plaintiff failed to demonstrate that Dr. Kurian was deliberately indifferent to his serious medical condition and that any delay in treatment caused by any defendant did not seriously impact the plaintiff's condition.  *See* September 22, 2008 Court Order.   As the court noted:

 First, the plaintiff was seen by several people on both days including lay people and medical personnel, defendants and non-defendants, and even by the plaintiff's account no one ever indicated that they thought the plaintiff's objective medical condition amounted to a serious asthma attack. *See also Henderson v. Sheaham*, 196 F.3d 839, 846 (7th Cir. 1999) (breathing problems, chest pains, dizziness, sinus problems, headaches are "not sufficiently serious to be constitutionally actionable.").  Second, the delay on the first day was less than four hours and the delay on the second day was approximately one hour.  Third, the plaintiff himself rated his condition on February 8, 2006, even at its very worst as no more than a 5 or 6 on a ten point scale.  Fourth, there is no evidence that Dr. Kurian was responsible for any delay in treatment and Lieutenant Shaw also called for a

medical technician.  Fifth, there is no medical evidence before the court that the plaintiff was ever diagnosed with a several asthma attack.  Dr. Larson determined on February 9, 2006, that the plaintiff was suffering from an upper respiratory infection which was exacerbating his chronic asthma.   Finally, there is no medical evidence that the events of February 8 and 9 of 2006 had any long lasting impact on the plaintiff.   The defendants motions for summary judgement are granted.   The plaintiff's motions for summary judgement are denied.
September 22, 2008 Court Order, p. 7

In his first motion to reconsider, the plaintiff says that he does not believe the court adequately considered his claims against Defendants Medical Technician Birkel and Lietenenat Shaw.   The plaintiff saws these defendants ignored his medical needs and it is irrelevant if he received medical care from other individuals after his request.   The plaintiff says he obviously suffered from a serious medical condition since his asthma had been diagnosed by a doctor.

First, the court notes that even in the plaintiff's rendition of events, Defendant Shaw, who has asthma, did not believe the plaintiff was in need of medical care.  Second, even if the plaintiff did suffer from a serious medical condition on February 8 and 9, 2006, the plaintiff has not provided any "verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment..." *Langston v Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996).  The motion is denied. [d/e 63]

The plaintiff's second motion to reconsider debates the court's finding that Dr. Kurian was not deliberately indifferent to his medical condition.  The plaintiff now claims that certain medical tests noted in the medical record were not taken and disputes the other information the nurse provided to the doctor concerning his condition.  Nonetheless, the doctor based his treatment decisions on this information and therefore there is still no evidence he was deliberately indifferent to the plaintiff's medical condition.  The majority of the plaintiff's arguments in his motion are based on his own speculation, which is not sufficient to survive a summary judgment motion.  The motion for reconsideration is denied. [d/e 64].

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motions for reconsideration of the September 22, 2008 Court Order granting summary judgement are denied. [d/e 63, 64]**

**2) The  plaintiff's motions for a hearing on his motions to reconsider are denied. [d/e 68, 69].**

Entered this 15th day of June, 2009.

s/**Harold A. Baker**

_____

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE